UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK A. MISIAK,

       Petitioner,

   v.

RON VAN BOENING,

       Respondent.

C09-0716-JCC

**ORDER**

     This matter comes before the Court on the petition for a certificate of appealability of Petitioner Mark A. Misiak. (Dkt. No. 34). The Court has also reviewed Respondent's response (Dkt. No. 36), and Petitioner's reply (Dkt. No. 37), along with the balance of the relevant record. For the reasons explained below, the Court hereby DENIES the petition.

## I.    BACKGROUND

     On January 5, 2010, this Court adopted the report and recommendation of Magistrate Judge James P. Donohue, and thereby dismissed Petitioner's petition for writ of habeas corpus with prejudice. (Dkt. No. 29). Magistrate Judge Donohue had recommended that this Court dismiss the petition in part because Petitioner had failed to state a claim upon which relief can be granted, and in part because Petitioner "seeks primarily to reiterate threats to kill judicial officers . . . ." (Dkt. No. 26). Magistrate Judge Donohue catalogued a few such threats:

In September 2009, Mr. Misiak filed a letter to the United States Marshal in which he asks to be removed from prison custody because "[t]his SOVERIGN AMERICAN has DECLARED WAR . . . against the State of Washington and Whatcom County." In November 2009, Mr. Misiak filed a second motion for an evidentiary hearing in which he asserts that there was insufficient evidence to support his underlying conviction. He makes no reference to the revocation of good time credits but reiterates that he is "justified to 'slay' any person who is willingly engaged in a felony against Petitioner, CONSPIRACY TO KIDNAP through UNLAWFUL restraint of Petitioner WITHOUT ESSENTIAL elements." He further suggests that the denial of his motion for an evidentiary hearing "justifies . . . the Self-defense RIGHT TO KILL the judiciary responsible for the CONSPIRACY TO KIDNAP."

(Dkt. No. 26 at 4) (internal citations omitted).

Petitioner's petition for a certificate of appealability fails to address the defects identified by Magistrate Judge Donohue. Instead, Petitioner issues more threats, stating that he files his brief as a "sovereign American," (Dkt. No. 37 at 1), and that the Court's actions "constitute a denial of Coughenour, Donohue, and Rosen's right to live under the penalties for TREASON against the U.S. Constitution." (Dkt. No. 37 at 6).

## II.    LEGAL STANDARD

A court may issue a certificate of appealability only where a habeas petitioner makes a substantial showing of the denial of a constitutional right as to the issue he seeks to appeal. 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims "debatable or wrong." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## III.    DISCUSSION

Petitioner gives no reason that a reasonable jurist would find the Court's earlier resolution of his petition debatable or wrong, instead offering only unsupported conclusions and further threats to judicial officers. (*See, e.g.,* Dkt. No. 37 at 5–6 ("Reasonable jurists would find fatal errors in the court's ASSUMPTION of jurisdiction, fatal errors constituting UNLAWFUL, CRIMINAL restraint by the CONSPIRACY OF TREASON, and FELONY KIDNAPING by a liable judiciary due to CRIMINAL

acts in their INDIVIDUAL capacities. Criminals are fully accountable to the sovereign militia for willfully violating their oaths of office.")).

The Court is satisfied that reasonable jurists would agree with its earlier resolution of Petitioner's petition for writ of habeas corpus, and therefore denies the petition for a certificate of appealability.

## IV.    CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Petitioner's petition for a certificate of appealability. (Dkt. No. 34).

SO ORDERED this 23rd day of February, 2010.

JOHN C. COUGHENOUR
United States District Judge